UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID EARL GORDON,

       Plaintiff,

v.                                       Case No. 10-cv-952-Orl-31DAB

SAMY G. GHALY,

       Defendant.

_____

## ORDER

This case is before the Court on Defendant Ghaly's Motion to Dismiss the Amended

Complaint (Doc. No. 27) and Plaintiff's Response in Opposition to the Motion (Doc. No.

34).[1]  As discussed hereinafter, it is **ORDERED** that Defendant's Motion to Dismiss the

Amended Complaint is granted.

### I.  *Factual Background*[2]

Plaintiff, a prisoner of the State of Florida proceeding *pro se*, filed this action

pursuant to 42 U.S.C. § 1983, alleging that Defendant violated his First Amendment right

---

[1]Plaintiff has also filed various motions related to discovery.  *See* Doc. Nos. 37, 38, and 44.  These motions will be addressed at the conclusion of this Order in light of the Court's ruling on the motion to dismiss.

[2]The following statement of the facts is derived from Plaintiff's Amended Complaint (Doc. No. 11), the allegations of which this Court must take as true in ruling on a motion to dismiss.  *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

to free speech and his constitutional right to access to the courts.[3]  (Doc. No. 11 at 8.)

Plaintiff contends that on March 3, 2010, he gave a document he intended to file in the state

court to Defendant Ghaly, a correctional officer at the Tomoka Correctional Institution, for

photocopying.  *Id.*  Defendant Ghaly confiscated the document and directed Plaintiff to be

arrested for fraud or attempted fraud by attempting submit a fraudulent commercial

scheme in the court.  *Id.* at 9-10.  A disciplinary hearing was conducted at the prison, and

Plaintiff was subsequently found guilty of fraud or attempted fraud and sanctioned to

thirty days of disciplinary confinement and to a thirty-day loss of gain time.  *Id.* at 10.

Plaintiff seeks injunctive relief preventing any future confiscations of his legal documents

and arrests for preparing legal documents and compensatory, punitive, and nominal

damages.  *Id.* at 11.

II.     *Standard for Motion to Dismiss*

When considering a motion to dismiss pursuant to Rule 12(b)(6), courts must accept

all factual allegations in the complaint as true and read them in the light most favorable to

the plaintiff.  *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *see also Christopher*

*v. Harbury*, 536 U.S. 403, 406 (2002).  A complaint must contain a short and plain statement

demonstrating an entitlement to relief, and the statement must "give the defendant 'fair

---

[3]To the extent Plaintiff contends in his Response to the Motion to Dismiss that he has
raised a claim pursuant to the Eighth Amendment, the Court notes that the Amended
Complaint does not include any claim of excessive force.  Moreover, in the Response to the
Motion to Dismiss, Plaintiff does not assert that Defendant Ghaly either used excessive
force against him or directed the use of such force, but instead indicates that another prison
official not named as a party in this case used excessive force against him.

notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2507 (2007) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 346 (2005)); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964 (2007) (citations omitted). Previously, the standard provided that a complaint should not be dismissed for failure to state a claim unless it appeared beyond doubt that plaintiff could prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

However, this standard has been "retired" in favor of a heightened requirement that the plaintiff supply "'enough facts to state a claim to relief that is plausible on its face,' rather than merely 'conceivable.'" *Huggins v. Marriott Ownership Resorts, Inc.*, Case No. 6:07-cv-1514-Orl-22KRS, 2008 WL 552590 (M.D. Fla. Feb. 27, 2008) (discussing *Twombly* in dismissing claims for breach of implied duty of good faith and fair dealing) (quoting *Twombly*, 127 S. Ct. at 1969, 1974). Thus, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 1965. In the case of a *pro se* action, however, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

III.    *Analysis*

Defendant Ghaly contends that the instant action should be dismissed because Plaintiff failed to exhaust his administrative remedies and his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

A.    *Exhaustion*

In support of his motion, Defendant Ghaly argues that Plaintiff failed to properly complete the grievance process.  Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before pursuing a civil rights action:

**(a)    Applicability of administrative remedies**

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The Supreme Court of the United States has held that § 1997e's exhaustion requirement requires "'proper exhaustion,'" such that "a prisoner must exhaust all prescribed administrative remedies available to him . . . before filing a lawsuit to seek judicial redress." *Garcia v. Glover*, 197 F. App'x 866, 868 (11th Cir. 2006) (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)).  The Supreme Court has repeatedly held that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  To determine whether plaintiffs have exhausted their administrative remedies, courts do "not review the effectiveness of those remedies, but

4

rather whether remedies were available and exhausted." *Miller v. Tanner*, 196 F.3d 1190,

1193 (11th Cir. 1999) (citing *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998)).

> The Eleventh Circuit has held:
>
> Because exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for a summary judgment; instead, it "should be raised in a motion to dismiss, or be treated as such if raised in a motion for summary judgment."

*Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (quoting *Ritza v. Int'l Longshoremen's*

*& Warehousemen's Union*, 837 F.2d 365, 368-69 (9th Cir. 1988)).  Therefore, Defendant has

properly raised the exhaustion defense in the instant motion to dismiss.  *See id.* at 1375.

"When motions to dismiss are based on issues not enumerated under Rule 12(b), such as

here, then Federal Rule of Civil Procedure 43(c) governs and 'permits courts to hear

evidence outside of the record on affidavits submitted by the parties.'"  *Brown v. Darr*, 2010

WL 1416552, at *3  (M.D. Ga. 2010) (quoting *Bryant*, 530 F.3d at 1377 n. 16).  Accordingly,

"the parties may submit documentary evidence concerning the exhaustion issue and doing

so will not require the conversion of the motion to dismiss into a summary judgment

motion."  *Id.*  "In addition, the judge may resolve factual questions concerning a plaintiff's

alleged failure to exhaust nonjudicial remedies, 'so long as the factual disputes do not

decide the merits and the parties have sufficient opportunity to develop a record.'"  *Id.*

(quoting *Bryant*, 530 F.3d at 1376) (footnote omitted).

To determine whether a complaint should be dismissed for failure to exhaust

administrative remedies, the Court must first consider the factual allegations in the

defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, the court must take the plaintiff's version of the facts as true. *See Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). '"If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed.'" *Id*. If the court determines that the complaint is not subject to dismissal considering the plaintiff's factual allegations to be true, "the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id*. "The defendants bear the burden of proving that the plaintiff has failed to exhaust his available administrative remedies. Once the court makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." *Id*.

The Florida Department of Corrections ("DOC") has a three-step inmate grievance procedure for all inmates in their custody, which is set forth in Chapter 33-103 of the Florida Administrative Code. *Henderson v. Langenbrunner*, 2010 WL 1408371, at *4 (M.D. Fla. 2010).

> First, an inmate must normally file either an informal grievance or formal grievance depending on the nature of his complaint. Informal grievances are to be filed "within a reasonable time" of the date of the incident. Inmates must file a formal grievance within fifteen days from when the informal grievance was responded to; or, within fifteen days of the date of the incident if the grievance is used to initiate the grievance process. If the inmate's issue is not resolved at the institutional level, the inmate must file an appeal to the Office of the Secretary of the Department.

6

*Id.* (citations omitted).

In the instant case, the exhibits to the Amended Complaint demonstrate that on March 15, 2010, Plaintiff filed an "Emergency Grievance" with the DOC.  Doc. No. 11-2 at 2.  On March 23, 2010, the DOC returned Plaintiff's "Emergency Grievance," noting that the grievance was not accepted as a grievance of an emergency nature and advising Plaintiff that he failed to provide the DOC with a copy of the institution's response to a formal grievance filed at the institutional level.  (Doc. No. 11-2 at 3.)

On March 15, 2010, the same day Plaintiff filed his "Emergency Grievance" with the DOC, he filed an informal grievance at the prison, which was denied on March 16, 2010.  (Doc. No. 11-2 at 10.)  Thereafter, on March 22, 2010, Plaintiff filed an appeal with the DOC from the denial of his informal grievance.  (Doc. No. 27-1 at 3.)  On March 31, 2010, the DOC returned Plaintiff's appeal to him with the following instruction:

> Your request for administrative appeal is in non-compliance with Chapter 33-103, Inmate Grievance Procedure.  You did not provide this office with *a copy of the institution's response to a formal grievance filed at the institutional level.  Chapter 33-103 requires that you submit a formal grievance at the institutional level when appealing disciplinary action.  If you did in fact submit an appeal to the Warden within 15 days of the date of the disciplinary hearing, and this appeal to the Central Office was receipted within 15 days of the date of the warden's response, you are allowed an additional 15 days from the date this response was mailed (date stamped on the upper left corner), to submit a new appeal to this office with a copy of the DC1-303 filed at the institutional level and the warden's response.*  You should also attach a copy of this response to your refiled appeal.  This office will not review the disciplinary action if you have not filed your appeals within the time frames established by rule.
>
> Based on the foregoing information, your grievance appeal is

being returned.

(Doc. No. 27-1 at 5) (emphasis added).

On March 26, 2010, Plaintiff filed a formal grievance with the warden of Tomoka Correctional Institution.  (Doc. No. 11-2 at 4.)  On April 9, 2010, however, the warden returned the formal grievance to Plaintiff without processing it pursuant to Chapter 33-103.01(1)(e) because Plaintiff failed to file the formal grievance within fifteen days from the date of his hearing.  *Id*. at 5.

On March 24, 2010, Plaintiff filed another informal grievance complaining about the facts surrounding his disciplinary report, and the grievance was denied on March 26, 2010.  (Doc. No. 11-2 at 6.)  Plaintiff filed another formal grievance with the warden on March 31, 2010, and the warden returned the grievance on April 12, 2010, because Plaintiff failed to timely file it within fifteen days from his March 9, 2010, disciplinary hearing.  *Id*. at 8-9.

On April 27, 2010, Plaintiff filed a "Belated Appeal: Supplemental" with the DOC.  (Doc. No. 11-2 at 12.)  On May 12, 2010, the DOC returned the appeal without action because Plaintiff was "no longer within the appropriate time frame for filing on this Disciplinary Report."  (Doc. No. 11-2 at 17.)

After reviewing the grievances, appeals, and responses to the grievances and appeals, the Court concludes that Plaintiff failed to properly exhaust his administrative remedies in accordance with the three-step grievance process of the DOC.  First, Plaintiff failed to file a formal grievance with the warden at the institutional level within fifteen days from the date of his disciplinary hearing.  Furthermore, he failed to properly appeal

8

the denial of his grievance to the DOC.  Instead, Plaintiff initially attempted to circumvent the requirement of filing a formal grievance with the warden at the institutional level by filing an "Emergency Grievance" with the DOC, which returned the grievance to Plaintiff. Plaintiff then filed an appeal with the DOC from the denial of his informal grievance, and the DOC returned the appeal based on Plaintiff's failure to provide a copy of the formal grievance and response thereto, which Plaintiff could not do because he had not yet filed a formal grievance with the warden.  Thereafter, Plaintiff filed a third appeal with the DOC which was returned with no action taken because it was untimely.

In response to Defendant's contention that Plaintiff failed to exhaust his administrative remedies, Plaintiff asserts that he could not do so because on March 5, 2010, he was placed on a seven day property restriction and his writing supplies were restricted. (Doc. No. 34 at 41-42.)   However, this does not demonstrate that the administrative remedies were unavailable to Plaintiff nor does it explain his failure to properly exhaust his administrative remedies.   As discussed above, Plaintiff was clearly able to file grievances as of March 15, 2010, and Plaintiff had until March 24, 2010, fifteen days from his March 9, 2010, disciplinary hearing, to file his formal grievance with the warden. Nevertheless, Plaintiff did not do so.  Moreover, Plaintiff failed to properly appeal the denial of his formal grievance.

Upon consideration of the motion to dismiss, the response to the motion, and Plaintiff's amended complaint, the Court concludes that the factual allegations do not conflict.  The exhibits attached to the amended complaint demonstrate that Plaintiff failed

to properly exhaust his administrative remedies.  As such, the amended complaint must be dismissed based on Plaintiff's failure to exhaust his administrative remedies prior to filing the instant action.

### B.   *Heck v. Humphrey*

Defendant further asserts that Plaintiff's claims are barred by *Heck*.  In support of this argument, Defendant maintains that if Plaintiff succeeded on his claims in this case, it would necessarily imply the invalidity of his disciplinary action, namely his thirty-day loss of gain time.

The United States Supreme Court has held as follows:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.
>
> . . . .
>
> . . . We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence

does not accrue until the conviction or sentence has been invalidated.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnotes omitted). "Although *Heck* involved a claim for damages which, if proven, would cast doubt on the plaintiff's conviction, claims for the restoration of gain time or damages for the deprivation of gain time credits are encompassed by the opinion." *Johnson v. Burkette*, 2007 WL 2406988, *4 (N.D. Fla. 2007).

In *Edwards v. Balisok*, 520 U.S. 641, 646-49 (1997), the Court considered a state prisoner's claim challenging the procedures used in his disciplinary hearing through which his good-time credits were revoked. Although the prisoner's claim did not directly attack the revocation of his good time credits, the Court held that his claim necessarily implied the invalidity of the punishment imposed and thus could not be pursued unless the prisoner succeeded in having the revocation penalty invalidated. *Id*. at 646-48.

Subsequently, in *Muhammad v. Close*, 540 U.S. 749, 754 (2004), the Court considered a § 1983 action against a prison official, asserting that the official had charged the plaintiff with a disciplinary violation and subjected him to pre-hearing lockup in retaliation for filing previous lawsuits and grievance proceedings against the official. *Id*. at 753-54. The Court held that the action was not barred by *Heck* because the action did not necessarily affect the computation of "good time" credits and "could not therefore be construed as seeking a judgment at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence.'" *Id*. at 754-55.

In the instant case, Plaintiff asserts that Defendant Ghaly violated his First Amendment right and his right to access to the courts by confiscating his legal document

based on Defendant's belief that the document demonstrated fraud or attempted fraud by the submission of a fraudulent commercial scheme to a court.   As a result of the confiscation of Plaintiff's document, he was subsequently found guilty of fraud or attempted fraud and received a thirty-day loss of gain time.   Thus, it appears that if Plaintiff prevailed in this case, it would necessarily imply the invalidity of the punishment imposed, *i.e.,* the loss of gain time.   *See, e.g., Richards v. Dickens,* 2011 WL 285212, *2 (11th Cir. 2011) (noting "the relevant inquiry is not whether a prisoner explicitly seeks to reinstate his good-time credits, but instead whether the § 1983 claims call into question the validity of the deprivation of those credits" and holding that excessive force and conspiracy claims could not proceed because they implied the invalidity of the disciplinary actions that deprived the plaintiff of his good time credits); *Roberts v. Wilson*, 2007 WL 4336446, at *1-2 (11th Cir. 2007) (holding that prisoner's claim that he was deprived of due process during a disciplinary proceeding was not cognizable in light of *Heck* and *Balisock* because his claim "necessarily would be at odds with the revocation of his good time credits and with the State's calculation of the time left on his sentence."); *cf. Pittman v. Tucker*, 213 F. App'x 867, 869 (11th Cir. 2007) (holding that a prisoner's First Amendment retaliation claim was not barred by *Heck* given that there was no indication that disciplinary actions affected the length of the prisoner's sentence).   Thus, Plaintiff's claims are subject to dismissal pursuant to *Heck.*   As such, the Court concludes that the instant action must be dismissed.

Accordingly, it is **ORDERED AND ADJUDGED**:

1.      Defendant Samy Ghaly's Motion to Dismiss Plaintiff's Amended Complaint

(Doc. No. 27) is **GRANTED**.  This case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

2.      Plaintiff's Motion for Discovery and Production of Documents (Doc. No. 37),

Motion to Compel (Doc. No. 38), and Motion to Enter Interrogatories (Doc. No. 44) are

**DENIED** as moot.

3.      The **Clerk of the Court** is directed to close this case.

**DONE AND ORDERED** at Orlando, Florida, this 16th day of March, 2011.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 3/16
David Earl Gordon
Counsel of Record